UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
UNITED STATES,                                              :
                                                            :
                                                            :    ORDER DENYING
                                                            :    MOTION TO SUPPRESS
              -against-                                     :
                                                            :    21 Cr. 236 (AKH)
                                                            :
                                                            :
CHARLES BURRILL,                                            :
                                                            :
                                 Defendant.                 :
------------------------------------------------------------ x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Burrill moves to suppress evidence seized during a warrantless traffic stop conducted by a New Jersey State Police Officer. I held oral argument on July 8, 2021 and, upon the briefs and argument, denied Defendant's motion to suppress, stating my findings and conclusions in the record of argument. For the reasons stated in the record, I held:

1. There is ample evidence to justify the warrantless traffic stop and subsequent search of the car driven by Defendant Burrill. As set forth in the affidavit of Detective Espindola, Burrill's co-defendant and passenger, Alvaro Valencia Rocha, had previously been involved in a drug transaction with confidential sources, and law enforcement officers had communications from confidential sources which indicated that he would be involved in another drug transaction that same day in the Bronx. *See* Espindola Aff. ¶ 6. Law enforcement officers also conducted surveillance of a New Jersey residence that was linked to Valencia Rocha through location tracking, where they witnessed Valencia Rocha enter the car with a weighted backpack. Law enforcement therefore had more than reasonable suspicion, and in fact had probable cause, to believe that drugs were being moved from New Jersey to the Bronx in the car. *See United States v. Stewart,* 551 F.3d 187, 191 (2d Cir. 2009) (explaining that "an officer making a traffic stop [must] have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity").
2. Burrill lacks standing to challenge the search warrants issued for (i) prospective location information for the cellphone used by Valencia Rocha, (ii) authority to install a tracking device on the car, and (iii) the New Jersey Residence, as he has not shown any legitimate expectation of privacy in the cellphone, the car's movements, or the New Jersey Residence. *See United States v. Rahme*, 813 F.2d 31, 34 (2d Cir. 1987) ("In

order to prevail on a contention that a search violated the Fourth Amendment, an accused must show that he had a legitimate expectation of privacy in a searched place or item.").

In conclusion, Defendant's motion to suppress is denied. The Clerk shall terminate the open motion, ECF No. 43.

SO ORDERED.

Dated: July 16, 2021  　　　　　　　　　_/s/ Alvin K. Hellerstein_____
　　　　New York, New York　　　　　ALVIN K. HELLERSTEIN
　　　　　　　　　　　　　　　　　United States District Judge